IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence Martino, #260229, | ) |
|           Petitioner, | ) C/A No. 0:09-527-HMH-PJG |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Leroy Cartledge, | ) |
|           Respondent. | ) |

The petitioner, Clarence Martino ("Martino"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 19). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 20.) Martino filed a response in opposition to the respondent's motion. (Docket Entry 24.) This motion is now before the court for a Report and Recommendation.

**BACKGROUND**

Martino was indicted in July 1999 in Bamberg County for distribution of crack cocaine (99-GS-05-161) and distribution of crack cocaine within proximity of a school (99-GS-05-162). (App. at 2-C, Docket Entry 18-11 at 11.) Martino was represented by Walter Bedingfield, Esquire, and on August 3, 1999, was tried by a jury and found guilty as charged. (App. at 118, Docket Entry 18-12 at 8.) The circuit court sentenced Martino to twenty years' imprisonment and a fine of $25,000 for distribution of crack cocaine (second offense) and fifteen years' imprisonment and a fine of $10,000

for distribution of crack cocaine within proximity of a school (serious offense), to be served consecutively.[1] (App. at 130-31, Docket Entry 18-12 at 20-21.)

Martino filed a direct appeal, in which he was represented by Daniel T. Stacey, Chief Attorney for the South Carolina Office of Appellate Defense. In July 2000, the parties filed their final briefs. (Docket Entry 18-1; Docket Entry 18-2.) In a *per curiam* opinion, the South Carolina Court of Appeals affirmed the decision of the lower court. (State v. Martino, 2000-UP-721 (S.C. Ct. App. Nov. 28, 2000), Docket Entry 18-3.) Martino filed a petition for rehearing (Docket Entry 18-4) which was subsequently denied by order dated January 24, 2001 (Docket Entry 18-5). The remittitur was issued on March 8, 2001. (Docket Entry 18-6.) Martino did not appeal to the South Carolina Supreme Court.

On May 14, 2001, Martino filed an application for post-conviction relief ("PCR"). (See Martino v. State of South Carolina, 01-CP-05-84, App. at 133-41, Docket Entry 18-12 at 23-31.) The State filed a return. On October 1, 2001,[2] the PCR court held an evidentiary hearing at which Martino appeared and testified and was represented by Debra Chapman, Esquire. (App. at 177-214, Docket Entry 18-12 at 67-104.) The PCR judge denied Martino's PCR application by order dated

---

[1]Martino's consecutive fifteen-year sentence for distribution of crack cocaine within proximity of a school was given the provision of suspension upon the service of five years' imprisonment and five years' probation with certain conditions.

[2]The PCR court declared a recess and reconvened to finish the hearing on December 4, 2001. (App. at 215-33, Docket Entry 18-12 at 105 through Docket Entry 18-13 at 13.)



April 19, 2002. (App. at 171-75, Docket Entry 18-12 at 61-65.) Chapman made an oral motion to reconsider on May 6, 2002, which was later denied by order filed May 6, 2005.[3] (Order, App. at 235, Docket Entry 18-13 at 15.) Chapman filed a notice of appeal from this order on May 25, 2005. (App. at 243, Docket Entry 18-13 at 14.)

In his PCR appeal, Martino was represented by Robert M. Pachak, Esquire, Assistant Appellate Defender for the South Carolina Office of Appellate Defense. On October 10, 2005, Pachak filed a Johnson[4] Petition for Writ of Certiorari and a petition to be relieved as counsel. (Docket Entry 18-7.) Martino filed a *pro se* response to the Johnson petition on January 25, 2006. (Docket Entry 18-8.) On October 31, 2007, the South Carolina Court of Appeals, after Johnson review, denied the petition for a writ of certiorari. (Docket Entry 18-9.) The remittitur was issued on February 29, 2008. (Docket Entry 18-10.)

---

[3]Martino also filed a motion for relief pursuant to Rule 60(b) of the South Carolina Rules of Civil Procedure on May 12, 2005. (App. at 237-39, Docket Entry 18-13 at 17-19.) The State filed a return on June 1, 2005 to Martino's motion, requesting that it be denied and dismissed. (App. at 240-43, Docket Entry 18-13 at 20-23.) The respondent asserts that the court later denied Martino's motion for relief. (Respt.'s Mem. in Supp. of Mot. Summ. J., Docket Entry 18 at 3; see also Proposed Order, App. at 244-46, Docket Entry 18-13 at 24-26.)

[4]Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

# FEDERAL HABEAS ISSUES

Martino filed the instant petition for a writ of habeas corpus on February 27, 2009. (Docket Entry 1.) In his Petition, Martino raises the following issues:

> **Ground One:** Trial counsel provided ineffective assistance in failing to adequately seek discovery.
> **Supporting Facts:** Trial counsel failed to compel discovery in a timely fashion. The late disclosure of discovery prevented trial counsel from securing witnesses and preparing meaningful defenses. Trial counsel did not discover that the state's confidential informant was the Petitioner's first cousin, with which knowledge Petitioner would not have proceeded to trial.
>
> **Ground Two:** Trial counsel provided ineffective assistance in failing to inform Petitioner that he could be subject to an enhanced sentence.
> **Supporting Facts:** Indictment actually charged Petitioner as a first offender and therefore Petitioner believed that he would be tried as a first offender. This belief played a role in Petitioner's decision to go to trial.

(Docket Entry 1.)

# DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over

facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also

Page 5 of 12

PJG

be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**C.  Statute of Limitations**

The respondent argues that Martino's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Martino filed a direct appeal, his conviction became final on March 8, 2001, the date the South Carolina Court of Appeals issued the remittitur. See Rules 203(b)(2), 221, & 226, SCACR. Accordingly, the limitations period began to run on March 9, 2001 and expired on March 8, 2002, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Martino filed his state PCR application on May 14, 2001. At that point, 67 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the PCR action until no later than February 29, 2008, when the South Carolina Court of Appeals issued the remittitur from its order denying Martino's petition for a writ of certiorari. See, e.g., Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (holding that "that § 2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief by the



state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari").

Martino's federal Petition was filed on February 27, 2009. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the federal Petition, 364 days of non-tolled time had run from the dismissal of Martino's PCR application. Adding the 67 days that accrued between the date his conviction became final and the filing of his PCR application results in a total of 431 days of non-tolled time. Accordingly, Martino filed his federal habeas application approximately 66 days after the expiration of the one-year limitations period under § 2244(d)(1)(A).

Martino contends that there is a "genuine issue of fact" as to whether he is entitled to an additional tolled time period of 90 days following the denial of his direct appeal and motion for rehearing by the South Carolina Court of Appeals in which to seek certiorari review from the United States Supreme Court. (See Petr.'s Mem. in Opp'n Summ. J. at 3, Docket Entry 24-1 at 3.) Martino argues that the South Carolina Supreme Court has delegated the authority to make "final" decisions in direct appeals to the South Carolina Court of Appeals. (Id. at 4.) In support of his argument, Martino relies upon the South Carolina Supreme Court's statement that "a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error." (Id.); see also State v. McKennedy, 559 S.E.2d 850 (S.C. 2002) (quoting In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief, 471 S.E.2d 454, 454 (S.C. 1990)).

PJG

Martino appears to interpret the South Carolina Supreme Court's rule in McKennedy and In re Exhaustion to mean that the South Carolina Court of Appeals is the highest court in South Carolina in which a decision could be had on direct appeal. He argues that pursuant to 28 U.S.C. § 1257, which states that the United States Supreme Court may review by writ of certiorari "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had," Martino could petition the United States Supreme Court directly from the decision of the South Carolina Court of Appeals on his direct appeal without needing to first seek certiorari from the South Carolina Supreme Court.

McKennedy and In re Exhaustion do not support this assertion. A review of those cases reveals that they address the requirement that a habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. Section 2254(b)(1)(A)'s requirement that a petitioner must exhaust state remedies, however, is separate and distinct from 28 U.S.C. § 1257's finality requirement. Similarly, it is separate and distinct from § 2244(d)(1)'s requirement that a federal petition for habeas corpus relief be timely filed. While both exhaustion of state remedies and timeliness are statutory conditions precedent to federal habeas review, they are independent requirements. Accordingly, the South Carolina Supreme Court's holding regarding the availability of state remedies for purposes of the exhaustion requirement does not answer the question of whether a decision is "final" for purposes of review by the United States Supreme Court. Nor is it controlling as to whether a petition is timely under federal law.

While McKennedy and In re Exhaustion make clear that a petitioner need not seek certiorari review from the South Carolina Supreme Court for purposes of exhausting state remedies, they do not preclude a petitioner from seeking such review from the state's highest court and then ultimately

*PJG*

from the United States Supreme Court. Cf. Frasch v. Peguese, 414 F.3d 518 (4th Cir. 2005) (citing a Maryland statute that *precludes* a litigant from petitioning to the Maryland Court of Appeals—Maryland's highest court—if Maryland's intermediate appellate court denies the defendant leave to appeal from a guilty plea). When a petitioner does so, the one-year statutory habeas deadline may be tolled for an additional 90 days to account for the time to seek certiorari from the United States Supreme Court. By contrast, when a petitioner does *not* seek further review of a decision of the state Court of Appeals on his direct appeal and ultimately files a federal petition for habeas corpus review, his claims may be deemed to be exhausted, but the 90 days of additional tolling for United States Supreme Court review of his direct appeal simply does not apply. See 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the *highest court of a State in which a decision could be had*, may be reviewed by the Supreme Court by writ of certiorari . . . .") (emphasis added); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort); see also Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008) (holding that because the petitioner did not seek certiorari in the South Carolina Supreme Court, "he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court").

Under the law of South Carolina, the South Carolina Supreme Court is unquestionably the "state court of last resort." See, e.g., Hon. Jean Hoefer Toal et al., Appellate Practice in South Carolina 3 (2d ed. 2002) ("The state's highest court is the Supreme Court of South Carolina."). As discussed above, while South Carolina law does not require a petitioner to seek certiorari review

from the South Carolina Supreme Court to *exhaust state remedies*, such a holding does not transmute the state Court of Appeals into the "highest court of a State in which a decision could be had" for purposes of 28 U.S.C. § 1257. Accordingly, petitioners who obtain a final decision from the South Carolina Court of Appeals on their direct appeal—but not the state Supreme Court—are not entitled to toll the additional 90 days to seek certiorari from the United States Supreme Court, since certiorari review by the United States Supreme Court of a state Court of Appeals decision cannot be directly obtained.[5]

---

[5] The court observes that some courts in this district have addressed the merits of a potentially untimely habeas corpus petition on the premise that the petitioner may be entitled to toll the 90 days to seek certiorari from the United States Supreme Court even when the petitioner's final state decision was issued from the South Carolina Court of Appeals rather than the state Supreme Court. Goodman v. Cartledge, C/A No. 9:07-3519-MBS, 2008 WL 4458186 (D.S.C. Sept. 30, 2008); see also Gainey v. South Carolina, C/A No. 9:08-3900-PMD, 2009 WL 2644013 (D.S.C. Aug. 26, 2009). These courts have relied in part on Salters v. Greenville Housing Authority of City of Greenville, 469 U.S. 1225 (1985) (mem.), for the proposition that certiorari review of a state Court of Appeals decision may arguably be obtained from the United States Supreme Court. However, the South Carolina Supreme Court's records show that in Salters, the petitioner did in fact seek certiorari from the South Carolina Supreme Court before filing her certiorari petition with the United States Supreme Court. Salters v. Greenville Housing Auth. of City of Greenville (S.C. Sup. Ct. Oct. 3, 1984) (denying Salters's Petition for Writ of Certiorari that was filed on July 13, 1984); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases which observe that federal courts may take judicial notice of proceedings in other courts of record). Thus, Salters does not support the proposition that a petitioner may circumvent the South Carolina Supreme Court and seek certiorari review from the United States Supreme Court directly from the state Court of Appeals.

## RECOMMENDATION

Because Martino did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Hammond, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (holding that because the petitioner did not seek certiorari in the South Carolina Supreme Court, "he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court"). The court therefore finds that Martino's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 19) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 12, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).