IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Clarence Martino, #260229, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 0:09-527-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Clarence Martino ("Martino") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment.

Martino filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Magistrate Judge Gossett recommends granting Respondent's motion for summary judgment because Martino's § 2254 petition is time-barred by 28 U.S.C. § 2244(d). Martino objects that there is a genuine issue of material fact regarding whether his § 2254 petition is untimely. According to Martino, South Carolina precedent suggests that he is entitled to an additional tolled time period of ninety days which would make the instant § 2254 timely. (Petr. Mem. Opp'n Summ. J. 5.) Martino argues that (1) the magistrate judge erred in finding that his § 2254 petition is untimely because the proper interpretation of State v. McKennedy, 559 S.E.2d 850, 850 (S.C. 2002), and In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990), allows for an additional ninety-day tolling, and (2) the magistrate judge "overlooked" that Martino "filed a motion for relief of judgment in state court." (Objections 1-4.)

Martino filed the instant § 2254 petition on February 27, 2009.[2] State prisoners have a one-year statutory deadline to file a § 2254 petition. A one-year statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2241(d)(1)(A). Martino's conviction became final on March 8, 2001, the date the South Carolina Court of Appeals issued the remittitur. As such, the limitations period began to run on March 9, 2001. Martino filed a state post-conviction relief ("PCR") application on May 14, 2001. The "time during which a

---

[2] Houston v. Lack, 487 U.S. 266, 270-71 (1988).

2

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." § 2241(d)(2). Accordingly, the statute of limitations was tolled on May 14, 2001, and remained tolled until February 29, 2008, when the South Carolina Court of Appeals issued the remittitur from its order denying Martino's petition for a writ of certiorari. (Resp't Mem. Supp. Summ. J. Ex. 10 (Remittitur Letter, Feb. 29, 2008).) When Martino filed the instant § 2254 petition on February 27, 2009, it was over sixty days after his one-year limitations period was over.

Martino alleges that McKennedy and In re Exhaustion suggest that "the ninety (90) day provision for invoking the U.S. Supreme Court's power to entertain a petition for a writ of certiorari . . . was indeed available to [him] following denial of his direct appeal and rehearing in the South Carolina Court of Appeals." (Petr. Mem. Opp'n Summ. J. 5.) McKennedy and In re Exhaustion are inapplicable. In McKennedy and In re Exhaustion, the South Carolina Supreme Court addressed what remedies a habeas petitioner must invoke in order to satisfy federal exhaustion requirements. See McKennedy, 559 S.E.2d at 853-54; In re Exhaustion, 471 S.E.2d at 454. The South Carolina Supreme Court concluded that "petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies . . . . [D]iscretionary review [by the South Carolina Supreme Court] need not be sought for exhaustion." McKennedy, 559 S.E.2d at 854 (internal quotation marks and citations omitted).

McKennedy and In re Exhaustion, however, do not support Martino's allegation that he should be afforded ninety days of tolled time. As Magistrate Judge Gossett explains,

> [w]hile both exhaustion of state remedies and timeliness are statutory conditions precedent to federal habeas review, they are independent requirements. Accordingly, the South Carolina Supreme Court's holding regarding the availability of state remedies for purposes of exhaustion requirement . . . is not controlling as to whether a petition is timely filed under federal law.

(Report & Recommendation 8.) Martino did not seek discretionary review from the South Carolina Supreme Court or the United States Supreme Court; as such, he is not afforded the additional ninety days of tolled time. Accordingly, Magistrate Judge Gossett's interpretation of McKennedy and In re Exhaustion was not error. Magistrate Judge Gossett correctly explained that

> [w]hen a petitioner [seeks further appellate review from the South Carolina Supreme Court], the one-year statutory habeas deadline may be tolled for an additional 90 days to account for the time to seek certiorari from the United States Supreme Court. By contrast, when a petitioner does *not* seek review of a decision of the state Court of Appeals on his direct appeal and ultimately files a federal petition for habeas corpus review, his claims may be deemed to be exhausted, but the 90 days of additional tolling for United States Supreme Court review or his direct appeal simply does not apply.

(Id. at 9.); see also Hammond v. Hagan, No. 4:07-1081, 2008 WL 2922860, *3 (D.S.C. Jul. 24, 2008) (unpublished) ("Petitioner did not seek certiorari in the SC Supreme Court, and so he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court.").

Lastly, Martino argues that the magistrate judge "overlooked" that he "filed a motion for relief of judgment in state court." (Objections 4.) Magistrate Judge Gossett noted that "Martino also filed a motion for relief pursuant to Rule 60(b) of the South Carolina Rules of Civil Procedure on May 12, 2005 . . . . The respondent asserts that the court later denied Martino's

motion for relief." (Report & Recommendation 3, n.3) Martino argues that the filing of the Rule 60(b) motion requesting that the PCR court reconsider its order dismissing his PCR application makes his "current § 2254 petition . . . premature." (Objections 5.) Martino alleges that "as of today, [the Rule 60(b) motion] is still pending." (Id. at 4.) While there appears to be a dispute as to whether Martino's Rule 60(b) motion has been adjudicated, the determination does not affect the untimely nature of the instant § 2254 petition.

Based on the foregoing, Martino's objection is without merit. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 19, is granted; and it is further

**ORDERED** that a certificate of appealability is denied because Martino has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
January 4, 2010

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5